Filed 2/2/22  In re J.H. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| In re J.H., a Person Coming Under the Juvenile Court Law. | C094809 |
| K.B.,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.H.,<br><br>Defendant and Appellant. | (Super. Ct. No. 21FL000141) |

Father of the minor J.H. appeals from the trial court's July 2021 order freeing minor from father's custody and control and freeing minor for adoption by maternal grandmother.  (Fam. Code, § 7822; Prob. Code, § 1516.5.)  Father contends reversal is required because the court failed to comply with the inquiry and notice requirements under the Indian Child Welfare Act (the ICWA).  (25 U.S.C. § 1901 et seq.)  We will reverse and remand.

1

FACTUAL AND PROCEDURAL BACKGROUND

Minor was born in September 2015. In October 2015, he moved with mother and father to Oregon. When minor was one year old, he, father, and mother moved in with maternal grandmother in California. Minor began experiencing seizures when he was 18 months old and currently requires medication twice a day. Minor was also diagnosed with autism when he was three years old.

In January 2018, mother left minor in the care of maternal grandmother. Maternal grandmother was granted legal guardianship of minor in January 2019. Father stopped participating in supervised visits with minor in October 2019 and has not had any contact with minor since then. Father stopped paying child support at the end of 2019.

In March 2021, maternal grandmother filed a petition to declare minor free from the custody and control of father. (Fam. Code, § 7820 et seq.) She asked that minor remain in her custody. She stated mother had consented to the adoption and father had abandoned minor.

Later that month, the trial court appointed counsel for father, who lived in Oregon, and ordered the probation department to prepare a report. (Fam. Code, § 7850.)

In April 2021, maternal grandmother filed an amended petition further alleging minor should be freed from father's custody under Probate Code section 1516.5 because she had legal guardianship of minor for more than two years without father having any custody of minor.

Maternal grandmother also filed an ICWA-020 form (Parental Notification of Indian Status) informing the trial court she had no reason to know or believe that minor was an Indian child. Maternal grandmother's counsel also filed an attachment stating that his ongoing inquiry into minor's status had given him reason to believe minor is or may be an Indian child. He had contacted the Paskenta Band of Nomlaki Indians via letter to ask whether the parents or minor was an enrolled member or was eligible for enrollment. Counsel stated that he had been informed that either mother or father claimed, "some

2

ancestral connection to your Tribe," although maternal grandmother did not. Counsel's letter included the names of maternal grandmother, minor, father, and mother, along with minor's birthdate.

During a hearing later that month, the trial court granted the request of maternal grandmother to continue the matter for 90 days, so as to give the tribe time to respond to counsel's letter. Counsel informed the trial court that minor was not an enrolled member of the tribe, nor did he reside on the reservation.

The July 2021 report from the probation department did not address the ICWA inquiry or minor's status as an Indian child, and there were no further filings from maternal grandmother (or any other party) on the issue.

During the July 2021 hearing, neither counsel nor the trial court addressed whether the tribe had responded to the letter from maternal grandmother's counsel. After hearing argument from counsel and testimony from father, maternal grandmother, and paternal great-grandmother, the trial court granted maternal grandmother's petition. The trial court ordered minor free of father's custody and control and freed minor for adoption.

On appeal, maternal grandmother seeks to introduce additional evidence, including: (1) an August 9, 2021, e-mail from a representative of the Paskenta Band of Nomlaki Indians to a social worker with the Department of Social Services confirming that mother is not an enrolled member of the tribe and (2) a November 2021 e-mail from a representative of the Paskenta Band of Nomlaki Indians stating that mother, father, and minor are not enrolled members of the tribe and are not eligible for membership.[1] In her motion, maternal grandmother acknowledges that "[i]nformation regarding the minor's and father['s] and mother's tribal status was not available at the time of trial."

---

[1] In the interests of justice, we grant maternal grandmother's request to admit the additional evidence. (Code Civ. Proc., § 909.)

DISCUSSION

I

Father contends the trial court failed to comply with the inquiry and notice requirements of the ICWA. Maternal grandmother responds that neither the trial court nor the probation department were required to comply with the ICWA's requirements because this was not a dependency proceeding in a juvenile court. However, both Probate Code section 1516.5 and Family Code sections 7820 and 7822 permit a petitioner to seek an order freeing a child from a parent's custody and care.[2] As courts have explained, the filing of such a petition imposes upon the court, the probation department, and the petitioner (maternal grandmother) the affirmative and continuing duty to inquire whether minor was or might be an Indian child. (See *In re Noreen G.* (2010) 181 Cal.App.4th 1359, 1387, citing Cal. Rules of Court, rule 5.481(a)(1) [noting that the ICWA permits states to provide a higher standard of protection to the rights of the parent of an Indian child].)[3] In addition, if a probation officer or petitioner has reason to believe that an Indian child may be involved in such a petition, Rule 4.481(a)(4) imposes an obligation to make further inquiry about a child's Indian status, including interviewing the parents and contacting the Bureau of Indian Affairs, the Department of Social Services, and the tribe.

Maternal grandmother next argues that the issue is forfeited because father did not raise it in the trial court. However, as courts have explained, a parent cannot forfeit or waive the ICWA notice requirements because they serve the interests of the Indian tribes. (*In re Noreen G., supra*, 181 Cal.App.4th at p. 1385.)

---

[2] We further note that Probate Code section 1516.5, subdivision (d), provides: "This section does not apply to . . . any Indian child."

[3] Undesignated rule references are to the California Rules of Court.

Finally, maternal grandmother argues any error was harmless because her counsel substantially complied with the requirements and intent of the ICWA. She argues that her counsel's April 2021 letter was sufficient to satisfy the intent of the ICWA, especially since her additional evidence (including the November 2021 e-mail from the representative of the Paskenta Band of Nomlaki Indians indicating that father, mother, and minor are not enrolled members or eligible for membership in the tribe) suggests the outcome would not differ in the trial court. We disagree. Despite maternal grandmother's contentions, her counsel indicated in his April 2021 filing that he had reason to believe the minor was or might be an Indian child. Even with the additional evidence, it is unclear why her counsel believed that. It is also unclear which tribes mother or father indicated she or he might have ancestry with, and whether counsel properly contacted the Bureau of Indian Affairs or the Department of Social Services, in order to properly reach out to those tribes. Despite giving a 90-day continuance for counsel to complete the ICWA inquiry, the trial court failed to inquire about the issue during the July 2021 hearing, and counsel failed to address it. In sum, we cannot conclude from this record that maternal grandmother, the probation department, or the trial court complied with its obligation to inquire and provide notice regarding minor's status as an Indian child. The appropriate remedy is to remand the issue for further proceedings.

DISPOSITION

The trial court's orders freeing minor from father's custody and control are reversed and the matter is remanded to the court for limited proceedings to determine compliance under the ICWA. If, at the conclusion of those proceedings, no tribe indicates the minor is an Indian child within the meaning of the ICWA, then the trial court shall reinstate the orders. In all other respects, the judgment is affirmed.

_____\s_____,
BLEASE, Acting P. J.

We concur:

_____\s_____,
HULL, J.

_____\s_____,
HOCH, J.

6